UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DENNIS JAMES DILLARD, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:10-CV-134-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| ERIC WILSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Dennis James Dillard is currently in the custody of the Federal Bureau of Prisons

("BOP") and incarcerated in the United States Penitentiary-McCreary.  He has submitted a *pro*

*se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and has paid the District

Court filing fee.  Upon review[1] of the Petition, Dillard's memorandum of law, and all attached

exhibits, the Court will deny the Petition.

## I.

Dillard claims that the BOP has wrongly denied him credits toward his federal sentence

for time spent in the custody of the State of Tennessee prior to starting service of the federal

sentence.  Since the state and federal sentences arose from the same facts and were to run

concurrently, he is entitled to the credits under *Willis v. United States*, 438 F.2d 923 (5th Cir.

---

[1]  The Court conducts a preliminary review of habeas corpus petitions.  28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. 2002).  Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

1971) and under the BOP's policy for designating a prisoner's State facility for service of the federal sentence, i.e., a *nunc pro tunc* designation. The Petitioner alleges that the denial of these benefits was arbitrary, and, in fact, he has not even been considered for the *nunc pro tunc* designation, despite the BOP's own policy requiring the BOP to provide consideration upon request.

As to the facts, the Petitioner alleges that he was arrested on State charges by Tennessee officials on March 28, 2002. On that date, or a later 2002 date, but not later than October of 2002, the federal authorities placed a detainer on him for related federal charges. Purportedly, it was because of this detainer that he was never released on bail or bond by the State. Since the federal detainer was the cause of his lengthy pre-sentence custody, the Petitioner is entitled to credits, beginning with its placement in 2002, toward his later-imposed federal sentence.

While still in State custody, federal authorities took the Petitioner to federal court for appearances in *United States v. Dillard*, E.D. Tenn. 02-CR-00167-1. The record in that case shows that on March 3, 2005, he pled guilty to a federal firearms charge, and on June 17, 2005, the federal court handed down a sentence of 215 months. After that sentencing hearing, Dillard was returned to the State, where he continued serving the eight-year Tennessee sentence.

Petitioner remained in State custody satisfying that sentence until approximately June 12, 2008, when he was handed over to federal authorities to begin service of the 215-month term of imprisonment. The BOP gave him only eight days of "jail credits" toward the federal sentence, for the days from March 5th to March 12th of 2002, time not at issue herein. Dillard turned to the BOP's administrative remedies to obtain credits for March 28, 2002 to June 12, 2008, to no avail.

The Petitioner attaches copies of the documents exchanged during the administrative process. At every level, the BOP denied the Petitioner any additional credits. At the last level of the appeal process, the Administrator of National Inmate Appeals explains the BOP's calculation to the Petitioner. First, he writes that Dillard was only "borrowed" from State custody and so he was earning credits toward his State sentence throughout the time he was held by federal authorities. Additionally, the official states that the judgment in *United States v. Dillard* provided that the Petitioner's federal sentence was "to run consecutively to any previous state or federal sentence." Therefore, the credits which Petitioner was seeking were not awarded because it would be inconsistent "with the intent of the sentencing court . . . ."

Having thus exhausted the request administratively without obtaining any additional credits toward his federal sentence, Dillard has now come to this Court. He seeks credits from the date of the detainer's placement in 2002 to the date of his transfer to federal authorities on June 12, 2008.

## II.

This Court has now reviewed and takes judicial notice of the Petitioner's criminal record in his federal prosecution in the United States District Court for the Eastern District of Tennessee. Page one of its Judgment confirms that the Petitioner's federal sentence was imposed on June 17, 2005. *United States v. Dillard*, E.D. Tenn. 02-CR-00167-1 at D.E. 47. On page 2 of the Judgment, the Court imposes the 215-month term of imprisonment, which "shall run consecutively to the defendant's imprisoned [sic] under any previous state or federal sentence." This is exactly how the BOP claim calculated Dillard's federal sentence to run, i.e., consecutive to the eight-year State sentence with no concurrent credits to the federal sentence.

Title 18 of the United States Code, **Section 3585, Calculation of a term of imprisonment**, contains the parameters for the BOP's task of calculating federal prisoners' sentences.  It begins as follows:

> **(a) Commencement of sentence.**-A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of the sentence at, the official detention facility at which the sentence is to be served.
> . . .

18 U.S.C. § 3585(a).  The BOP determined that Petitioner Dillard's federal sentence commenced on June 12, 2008, the date on which the State surrendered him to federal authorities for service of the federal sentence.  The Court finds that this determination is clearly correct under the statute.

In the same statute, Congress has allowed credits for time spent in custody prior to the official commencement date, but these prior custody credits are limited, as follows:

> . . .
> **(b) Credit for prior custody.**-A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).  In short, 18 U.S.C. § 3585(b) bars double credits.

Dillard has not denied that he received credit toward his State sentence for the time spent in Tennessee's custody from March 23, 2002 to June 12, 2008.  Since this six-year period of time in custody has been "credited against another sentence," then under this provision, the

Petitioner is not entitled to also receive additional credit on his federal sentence for the same time period.

Moreover, Dillard's detention by federal authorities for the proceedings in the United States District Court for the Eastern District of Tennessee pursuant to a writ of habeas corpus *ad prosequendum* does not change this result. During that time, he was primarily in the State of Tennessee's custody and was only secondarily in federal custody pursuant to the writ. In *Huffman v.. Perez*, 230 F.3d 1358 (6th Cir. 2000), another petitioner alleged that he was entitled to substantial credit for a long period to time during which he was primarily in the custody of the North Carolina Department of Corrections and secondarily in the custody of the United States Marshals, pursuant to a writ of habeas corpus *ad prosequendum*. The Sixth Circuit disagreed, stating that:

> [t]he length of time ... spent on the federal writ of habeas corpus ad prosequendum does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence. *See Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000).

*Id.* at 1359 (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993)).

Similarly, in *Easley v. Stepp*, 5 F. App'x 541, 543, 2001 WL 252891, *2 (7th Cir. 2001), the prisoner was not eligible for federal credit for time served in a federal facility on a writ of habeas corpus *ad prosequendum*, because (a) he was still serving his undischarged State sentence when he was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of habeas corpus *ad prosequendum* and (b) the time spent in federal custody pursuant to the writ was applied to his State sentence. The Seventh Circuit held that time spent in federal custody pursuant to the writ did not "transmute" into federal custody; a prisoner remains in primary custody of the sending state "[u]ntil that sovereign state relinquishes jurisdiction over him." *Id.*

at 542; *see also Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. 2000) (Table, unpublished) (same).

Thus, because Dillard received credits for the six-year period of time on his Tennessee sentence, he cannot "double-dip" under § 3585(b) and also receive the credits toward his federal sentence for the same time period. This result is consistent with the foregoing case law and with earlier decisions of this Court. *See, e.g., High v. Stine*, No. 6: 06-258-DCR, 2007 WL 38377 (E.D.Ky. January 5, 2007).

Under the law upon which the instant Petitioner relies, he fares no better. He claims that under the *Willis* case he is entitled to prior custody credit for the time period beginning on March 28, 2002, when he was detained by Tennessee prior to his first sentence and was ineligible for release on bail or bond only because the federal charge was pending. Thus, he seeks to transform his State custody into time he was held in custody pursuant to federal authority.

It is true that the *Willis* exception has been written into BOP policy, called Program Statements. The Program Statement ("P.S.") relevant here, P.S. 5880.28, *Sentence Computation Manual (CCCA of 1984)*, first defines the situation necessary to raise a *Willis* issue, i.e., that (1) the prisoner's federal and state sentences are concurrent; and (2) the prisoner's federal sentence is to run longer than the State sentence (not counting any credits). When the prisoner meets both criteria, he or she is entitled to credits and the amount of the credits is to be calculated as follows:

> Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that he first sentence begins to run, federal or non-federal These time credits are know as *Willis* time credits.

P.S. 5880.28(2)(c). In the instant case, the Petitioner fails to meet even the first of these criteria

permitting a *Willis* adjustment.  Therefore, 18 U.S.C. § 3584(a) and the sentencing judge's expressed intent for Dillard to serve a consecutive sentence control; and the federal sentence must run consecutively.  Dillard has no entitlement to *Willis* credits.

Further, this Court is doubtful that there is any continuing viability in making awards under *Willis*.  In remanding for an evidentiary hearing on credits for Willis' presentence custody, the Fifth Circuit quoted from a previous version of the sentence calculation statute, 18 U.S.C.A. § 3568, not the current § 3585.  In the Sentencing Reform Act of 1984, effective 1987, Congress rewrote the predecessor, Section 3568,[2] and recodified it as Section 3585, as set out above.

In drafting the new statute, Congress provided for prior custody credits but inserted language limiting the amount of prior custody credits to time "that has not been credited against another sentence."  18 U.S.C. § 3585(b).  In first addressing the new statute, the Supreme Court of the United States wrote that "Congress made clear that a defendant could not receive a double credit for his detention time."  *United States v. Wilson*, 503 U.S. 329, 337 (1992).  Petitioner is clearly not entitled to *Willis* credits under the current version of the statute.

---

[2]  18 U.S.C. § 3568, **Effective date of sentence; credit for time in custody prior to the imposition of sentence,** provided as follows:

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.  *The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.*  As used in this section, the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

> If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.

> No sentence shall prescribe any other method of computing the term.

18 U.S.C. § 3568 (emphasis added) (repealed Pub.L. 98-473, Title II, § 212(a)(2), Oct. 12, 1984).

With regard to Dillard's request for a *nunc pro tunc* designation, the response from the BOP's national office contains language indicating that he was, indeed, considered for such a designation but was not awarded it for the reasons stated in the response from the national office. A *nunc pro tunc* designation is granted or rejected by the BOP's Designation and Sentence Computation Center, using factors set out in P.S. 5160.05, and this Court has no authority to change the results of the decision. The Court may review the BOP's denial only for an abuse of discretion. *Rogers v. United States*, 180 F.3d 349, 356 (6th Cir. 1998). In this case, there was a request, consideration of the request by BOP experts, and no abuse shown. To the contrary, the sentencing court's intent was for the sentence to run concurrently and the BOP considered that intent in denying the request. Therefore, the Petitioner is not entitled to more from this Court.

The Court finds no error of fact or law in the BOP's determination that the instant Petitioner is not entitled to the credits which he seeks. Besides the jail credits which Dillard was awarded, the BOP *cannot* do other than begin/commence credits toward his consecutive federal sentence upon his surrender by the State, an event which occurred on June 12, 2008, because the previous custody time had been credited to his State sentence.

In short, the Petitioner has failed to state a claim upon which the Court may grant relief. He must consecutively serve the federal sentence which the trial court imposed on him.

### III.

For the reasons discussed above, it is **ORDERED** as follows:

(1)     Petitioner Dennis James Dillard's § 2241 Petition for Writ of Habeas Corpus is **DENIED**;

(2)     This action will be **DISMISSED**, with prejudice, *sua sponte*; and

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order

in favor of the Respondent.

This the 17th day of August, 2010.

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**